Memorandum. The issue as to whether public convenience and advantage would be promoted by the issuance of a license for the premises directly across the street from petitioner’s liquor store did not become moot upon the Authority’s approval of the transfer of the challenged license to a different licensee, as the transfer of ownership application did not call for a redetermination of the question of public convenience and advantage in respect of the location but turned only upon the personal fitness and financial responsibility of the transferee, This is not, therefore, a case in which the reason for the litigation ceased to exist after the appeal was taken (see, eg., O’Toole v. Sacca, 22 N Y 2d 702; and see, also, CPLR 1018). What remains critical is whether public convenience and advantage would be promoted by the issuance of a license for the location in question. Indeed, petitioner would be left remediless were the claim of mootness to be allowed.
The order of the Appellate Division dismissing the proceeding as moot should be reversed, with costs, and the case remitted to the Appellate Division for determination of the proceeding on the merits.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order reversed, with costs, and the case remitted to the Appellate Division for further proceedings in accordance with the memorandum herein.